## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VB ASSETS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1368-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF VB ASSETS, LLC'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

OF COUNSEL:

John Desmarais
Cosmin Maier
Kerri-Ann Limbeek
Molly Brown
Michael K. Hilyard
Peter Kotecki
Michael Wueste
DESMARAIS LLP
230 Park Avenue
New York, NY
Tel: (212) 351-3400
jdesmarais@desmaraisllp.com
cmaier@desmaraisllp.com
klimbeek@desmaraisllp.com
mbrown@desmaraisllp.com
mhilyard@desmaraisllp.com
pkotecki@desmaraisllp.com
mwueste@desmaraisllp.com

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant Apple Inc.*

Kyle Curry
Marie Weisfeiler
DESMARAIS LLP
101 California Street
Suite 3070
San Francisco, CA 94111
Tel: (415) 573-1900
kcurry@desmaraisllp.com
mweisfeiler@desmaraisllp.com

Dated: April 7, 2025
12161959 / 12209.00060

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ...................................................................................2

    A.    VB Assets' Pre-Suit Willfulness Allegations. .............................................3

    B.    VB Assets' Indirect Infringement Allegations. ...........................................4

III.  LEGAL STANDARDS ...........................................................................................5

    A.    Motion to Dismiss. ......................................................................................5

    B.    Willful Infringement. ..................................................................................5

    C.    Indirect Infringement. .................................................................................6

        1.    Induced Infringement. .......................................................................6

        2.    Contributory Infringement. ...............................................................6

IV.   ARGUMENT ..........................................................................................................7

    A.    VB Assets' Pre-Suit Willfulness And Indirect Infringement Allegations
           Should Be Dismissed Because VB Assets Fails To Plausibly Plead That
           Apple Had Knowledge Of Its Alleged Infringement Prior To The Original
           Complaint..........................................................................................................7

    B.    VB Assets' Pre- And Post-Suit Contributory Infringement Allegations
           Should Be Dismissed Because It Fails To Plead That Apple Sells A
           Component That Has No Substantial Noninfringing Uses. ...............................12

V.    CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES[1]

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
  2019 WL 350620 (D. Del. Jan. 29, 2019)..........................................................................6, 15

*APS Tech., Inc. v. Vertex Downhole, Inc.*,
  2020 WL 4346700 (D. Del. July 29, 2020) .........................................................................5, 6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)............................................................................................ 5-6

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) .....................................................................................14, 15

*Bench Walk Lighting LLC v. LG Innotek Co.*,
  530 F. Supp. 3d 468 (D. Del. 2021)........................................................................................13

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (Fed. Cir. 1998)................................................................................................5

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
  696 F. Supp. 3d 4 (D. Del. 2023)..............................................................................................7

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)..................................................................................................................7

*DataQuill Ltd. v. Google LLC*,
  C.A. No. 21-1438-MN, D.I. 24 (D. Del. July 6, 2022)....................................................7, 8, 9

*DoDots Licensing Sols. LLC v. Lenovo Holding Co.*,
  2018 WL 6629709 (D. Del. Dec. 19, 2018)..............................................................................6

*HSM Portfolio LLC v. Fujitsu Ltd.*,
  2014 WL 4468088 (D. Del. Sept. 9, 2014)..............................................................................13

*MasterObjects, Inc. v. Amazon.com, Inc.*,
  2021 WL 4685306 (N.D. Cal. Oct. 7, 2021)...........................................................................11

*McDermott v. Clondalkin Grp., Inc.*,
  649 F. App'x 263 (3d Cir. 2016) .......................................................................................5, 10

---

[1] All emphasis added and internal citations omitted unless otherwise noted.

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)................................................................................11

*Sierra Estate of Romagosa v. Trafigura Trading LLC*,
    2024 WL 4104130 (D. Del. Sept. 6, 2024) ...........................................................10, 11

*Sisvel Int'l, S.A. v. Blu Prods., Inc.*,
    C.A. No. 19-1145-MN, D.I. 19 (D. Del. Feb. 11, 2020) ....................................7, 15

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
    2021 WL 1785072 (D. Del. May 5, 2021)...........................................................12, 13

*TriPlay, Inc. v. WhatsApp Inc.*,
    2018 WL 1479027 (D. Del. Mar. 27, 2018) ...............................................................5

*Välinge Innovation AB v. Halstead New England Corp.*,
    2018 WL 2411218 (D. Del. May 29, 2018).................................................................6

*Virentem Ventures, LLC v. YouTube, LLC*,
    C.A. No. 18-917-MN, D.I. 144 (D. Del. Oct. 22, 2019)...........................................8, 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)...................................................................................6

**Statutes**

35 U.S.C. § 271(c) .....................................................................................................6, 12, 14

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................5

## I.    INTRODUCTION

Defendant Apple Inc. ("Apple") moved to dismiss deficient claims in Plaintiff VB Assets, LLC's ("VB Assets") December 13, 2024, Complaint ("Original Complaint") for: (1) pre-suit willful infringement; (2) pre-suit induced infringement; and (3) pre- and post-suit contributory infringement.  Apparently recognizing the merit of Apple's motion, in response VB Assets filed its First Amended Complaint ("FAC"), dropping some of those claims[2] and adding allegations to others.  But the FAC fails to remedy the deficiencies in the remaining claims of pre-suit willful and indirect infringement and post-suit contributory infringement.  Therefore, Apple moves to dismiss VB Assets' remaining claims of: (1) pre-suit willful and indirect infringement of U.S. Patent Nos. 8,073,681 (the "'681 Patent"), 7,818,176 (the "'176 Patent"), and 8,515,765 (the "'765 Patent") (collectively, the "Earlier-Issued Asserted Patents"); and (2) post-suit contributory infringement of the Earlier-Issued and Later-Issued Asserted Patents (collectively, the "Asserted Patents").

*First*, VB Assets' pre-suit willful and indirect infringement claims should be dismissed because the FAC fails to plausibly allege that Apple had knowledge of ***infringement*** of the Earlier-Issued Asserted Patents prior to the Original Complaint.  VB Assets' Original Complaint alleged only that Apple knew of the mere existence of those patents based on communications concerning a potential business deal with VB Assets' predecessor.  And VB Assets' FAC pleads ***zero*** new facts.  Instead, the FAC speculates "on information and belief" that because Apple knew of the existence of the Earlier-Issued Asserted Patents, Apple also must have known it infringed those patents.  But knowledge of the existence of a patent and knowledge of alleged infringement of that

---

[2] The FAC no longer pleads claims of pre-suit willful, induced, and contributory infringement for four of the Asserted Patents: U.S. Patent Nos. 10,297,249 (the "'249 Patent"), 9,269,097 (the "'097 Patent"), 10,510,341 (the "'341 Patent"), and 8,886,536 (the "'536 Patent") (collectively, the "Later-Issued Asserted Patents").  (D.I. 19 ¶¶ 102, 119, 162, 178.)

patent are two separate requirements. VB Assets' allegations are therefore insufficient to plead pre-suit willful and indirect infringement.

**Second**, VB Assets' remaining claims for pre- and post-suit contributory infringement of all Asserted Patents should be dismissed because the FAC fails to plausibly plead sufficient facts to show that: (i) Apple ***sells a component*** of a patented product (rather than the allegedly patented product as a whole); or (ii) that component of a patented product has ***no substantial non-infringing uses***.

## II.    FACTUAL BACKGROUND

VB Assets filed this action against Apple on December 13, 2024, alleging that Apple's "Siri Products"[3] infringe the seven Asserted Patents. (D.I. 1.) The Asserted Patents generally relate to "voice-based natural language understanding and artificial intelligence technology" and fall into two families: (i) one that includes the '681, '765, '249, and '341 Patents; and (ii) another that includes the '176, '536, and '097 Patents. (*Id.* ¶¶ 1, 27–48.)

Apple moved to dismiss the Original Complaint's deficient claims of pre-suit willful infringement, pre-suit induced infringement, and pre- and post-suit contributory infringement because the Original Complaint failed to recite underlying factual allegations necessary for those

---

[3] VB Assets defines "Siri Products" as:

> Apple's Siri voice assistant and Apple Intelligence Siri enhancements, as well as offerings that include Siri, including at least: the iOS, iPadOS, watchOS, macOS, tvOS, audioOS, and visionOS operating systems; the iPhone 4s and later iPhone models; 4th generation iPad and later models; the AirPods 2, 3, and 4 (both models), all generations of AirPods Pro, and AirPods Max; Beats headphones with the H1 chip or later; Macs with an M1 or later processor; all Apple Watch products; HomePod (1st gen and 2d gen), HomePod Mini; Apple TV 4K (1st generation and later), Apple TV HD, and the Siri Remote; Apple CarPlay on all iPhone models that are compatible with iOS 18 or later; Apple Vision Pro; as well as the cloud infrastructure that implements Siri.

(D.I. 19 ¶ 2 n.1.)

claims.  (D.I. 15.)  Particularly, the Original Complaint failed to allege: (i) that Apple had pre-suit knowledge of infringement of the Asserted Patents; (ii) that Apple specifically intended to induce its customers to infringe; or (iii) that Apple sells a component of a patented product and that component has no substantial non-infringing uses.  (D.I. 16 at 1–2.)

Rather than respond to Apple's motion to dismiss, VB Assets filed its FAC.  (D.I. 19.)  The FAC no longer pleads any allegations of pre-suit willful, induced, or contributory infringement of the Later-Issued Asserted Patents—the '249, '341, '536, and '097 Patents.  (*Id.* ¶¶ 102, 119, 162, 178.)  And, as described below, although the FAC maintains claims for pre-suit willful, induced, and contributory infringement of the Earlier-Issued Asserted Patents—the '681, '176, and '765 Patents—it does not allege any new, non-speculative facts that remedy the deficiencies of its pre-suit willful and indirect infringement claims and its post-suit contributory infringement claims.

### A.      VB Assets' Pre-Suit Willfulness Allegations.

In the Original Complaint, VB Assets alleged only that Apple "knew of the existence" of the Earlier-Issued Asserted Patents based on alleged communications occurring from July 2012 to September 2014 concerning a potential business deal between Apple and VB Assets' predecessor, VoiceBox Technologies.[4]  (D.I. 1 ¶¶ 20–26, 51, 61, 92.)  VB Assets alleged that in those communications, Apple offered to license or buy "a collection of patents" that included the three Earlier-Issued Asserted Patents (as well as numerous others) and was interested in acquiring all or part of VoiceBox Technologies' business.  (*Id.* ¶¶ 20–26.)  Therefore, Apple moved to dismiss VB Assets' allegations of pre-suit willful infringement because VB Assets failed to plead facts that showed that Apple knew of its ***infringement***, as required by law.  (D.I. 16 at 7–11.)

The FAC does not allege any new facts plausibly showing that VB Assets provided notice

---

[4] VB Assets defines "VoiceBox Technologies" as VB Assets' predecessor companies, VoiceBox Technologies Corporation and VoiceBox Technologies, Inc.  (D.I. 19 ¶ 1.)

to Apple—or that Apple otherwise learned—that Apple was purportedly *infringing* any of the Earlier-Issued Asserted Patents.  Indeed, the factual allegations about the 2012–2014 communications in VB Assets' FAC are substantially identical to those in the Original Complaint. (*Compare* D.I. 1 ¶ 51, *with* D.I. 19 ¶ 51.)  Rather than allege any new facts in support of its claims, VB Assets' FAC adds speculative and conclusory assumptions that "[o]n *information and belief*, . . . Apple conducted due diligence of the VoiceBox Patents," "determined that the Siri Products and its users infringe," and "continued its negotiations for the VoiceBox Patents" because of its alleged determination that its users infringe.  (D.I. 19 ¶¶ 51, 72, 135.)

## B.     VB Assets' Indirect Infringement Allegations.

With respect to the pre-suit knowledge requirements for induced and contributory infringement, the allegations in VB Assets' FAC mirror those described above for pre-suit willful infringement.  (*See, e.g.*, D.I. 19 ¶ 51.)

For contributory infringement, VB Assets' Original Complaint simply recited the basic legal elements, alleging, without any factual support, that the Siri Products—multifunctional smartphones, tablets, watches, and televisions that are used for numerous purposes other than Siri functionality—are "especially made or especially adapted for practicing the invention of the [Asserted Patents] and not a staple article or commodity of commerce suitable for substantial non-infringing use."  (D.I. 1 ¶¶ 54, 65, 75, 85, 95, 105, 115.)  Apple sought dismissal of those deficient claims because VB Assets failed to plausibly allege that Apple sells a component of a patented product or that that component has no substantial non-infringing uses.  (D.I. 16 at 16–19.)

The FAC again recites those basic legal elements, alleging, without any factual support, that the Siri Products—a swath of complex, multifunctional devices that are used for numerous purposes other than Siri functionality—are components of the patented method claims.  (*See, e.g.*, D.I. 19 ¶¶ 62, 63.)  And although VB Assets' FAC makes vague references to the parties' alleged

prior business negotiations, Apple's alleged instructions and technical support offered to third parties, and Siri's alleged functionalities, those allegations do not demonstrate that the Siri Products are "especially made or especially adapted for practicing the invention of the [Asserted Patents]" and are "not a staple article or commodity of commerce suitable for substantial non-infringing use." (*See, e.g.*, *id.* ¶¶ 62, 64–65.)

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a plaintiff's allegations "fail[] to state a claim upon which relief can be granted."  "The Court is not obligated to accept as true 'bald assertions,' 'unsupported conclusions and unwarranted inferences,' or allegations that are 'self-evidently false.'" *TriPlay, Inc. v. WhatsApp Inc.*, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018).  "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998).  Pleading upon "information and belief is permissible '[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge of control'—so long as there are no 'boilerplate and conclusory allegations' and '[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (emphasis omitted).

### B.    Willful Infringement.

Willful infringement requires "deliberate or intentional infringement." *APS Tech., Inc. v. Vertex Downhole, Inc.*, 2020 WL 4346700, at *4 (D. Del. July 29, 2020).  To plead a claim for willful infringement, a plaintiff must allege that the defendant "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371

(Fed. Cir. 2017); *see also Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018).  "[T]o withstand a motion to dismiss, a plaintiff must plausibly allege that the accused infringer deliberately or intentionally infringed a patent-in-suit after obtaining knowledge of that patent and its infringement." *APS Tech.*, 2020 WL 4346700, at *4.

### C.    Indirect Infringement.

#### 1.    Induced Infringement.

"Induced infringement under § 271(b) requires that 'the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.'" *DoDots Licensing Sols. LLC v. Lenovo Holding Co.*, 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018) (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

#### 2.    Contributory Infringement.

To state a claim for contributory infringement, a plaintiff must plead facts demonstrating that the defendant "offers to sell or sells . . . a component of a patented machine, manufacture, combination or composition, . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c).  The accused component cannot be "a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.*  "As with induced infringement, a claim for contributory infringement must also include facts that support an inference that an underlying act of direct infringement has occurred, and there must be allegations of the requisite knowledge of the patent-in-suit at the time of infringement." *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 350620, at *2 (D. Del. Jan. 29, 2019).

## IV.    ARGUMENT

### A.    VB Assets' Pre-Suit Willfulness And Indirect Infringement Allegations Should Be Dismissed Because VB Assets Fails To Plausibly Plead That Apple Had Knowledge Of Its Alleged Infringement Prior To The Original Complaint.

To plead a claim of willful infringement, a plaintiff must plausibly plead not only knowledge of the patents-in-suit, but also facts demonstrating knowledge of *infringement* of those patents. *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 14 (D. Del. 2023) (holding that the plaintiff failed to plead knowledge of infringement where it only alleged "that, despite [the defendant's] notice and knowledge of the Asserted Patents . . . , [the defendant] made the deliberate decision to sell products and services that it knew infringes [the] Asserted Patents"); *DataQuill Ltd. v. Google LLC*, C.A. No. 21-1438-MN, D.I. 24 at 13–15 (D. Del. July 6, 2022) (dismissing willful infringement claim based on lack of allegations of knowledge of infringement); *Sisvel Int'l, S.A. v. Blu Prods., Inc.*, C.A. No. 19-1145-MN, D.I. 19 at 38 (D. Del. Feb. 11, 2020) (same).  Like willful infringement, both "induced infringement [and] contributory infringement require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  For each of the Earlier-Issued Asserted Patents here, VB Assets' FAC—like its Original Complaint—fails to allege facts that plausibly support an inference that Apple had pre-suit knowledge of infringement.

*First*, the FAC at most alleges facts related to Apple's knowledge of the *existence* of the Earlier-Issued Asserted Patents, which is insufficient to plead the requisite knowledge of *infringement*.  Indeed, like the Original Complaint, the FAC relies entirely on allegations related to the Earlier-Issued Asserted Patents' inclusion among a collection of patents identified during communications concerning a potential business deal.  (*Compare* D.I. 1 ¶¶ 51, 61, 92, *with* D.I. D.I. 19 ¶¶ 51, 72, 135.)

Those allegations are insufficient. This Court has repeatedly held that mere notice of an asserted patent based on communications about a potential business relationship is insufficient to plausibly plead knowledge of *infringement* of that asserted patent. For example, in *Virentem Ventures, LLC v. YouTube, LLC*, the plaintiff alleged that it submitted a list of sixteen patents to Google's patent portal and stated its intended "desire to initiate 'a relationship relating to the patents' and 'a partnership with Google.'" C.A. No. 18-917-MN, D.I. 144 at 38–40 (D. Del. Oct. 22, 2019). This Court held that those allegations were insufficient to establish *knowledge of infringement* because "[t]here are no allegations that Plaintiff informed Defendants, or that Defendants otherwise knew, that the accused products *infringed* any claims of any of the patents-in-suit." *Id.* at 38. Similarly, in *DataQuill*, this Court dismissed willfulness claims for failure to plead knowledge of infringement where a letter informed Google of the asserted patent and stated that "Google may wish to have its patent counsel examine the claims relevant to Google devices and systems to determine whether a nonexclusive license or appropriate covenant is needed." C.A. No. 21-1438-MN, D.I. 24 at 13–14.

Here, as in *Virentem* and *DataQuill*, VB Assets does not allege any facts beyond "generic notice of" the Earlier-Issued Asserted Patents. As in *Virentem* and *DataQuill*, the FAC merely alleges that the Earlier-Issued Asserted Patents were purportedly included in communications about a potential business relationship. (D.I. 19 ¶ 20.) But VB Assets' FAC allegations fare even worse. Whereas the deficient allegations in *Virentem* involved notice of sixteen patents (seven of which were then asserted) and the plaintiff's notice letter in *DataQuill* pointed only to the asserted patent, here, the FAC does not allege that there was any specific identification of the three Earlier-Issued Asserted Patents in the business communications between VoiceBox and Apple. Rather, it merely alleges that those business communications related to a "collection of [VoiceBox] patents,"

including the three Earlier-Issued Asserted Patents, and VoiceBox's portfolio at the time the alleged business communications concluded in September 2014 comprised at least thirty-eight issued U.S. patents.  (*See* Ex. A, *Patent Public Search Basic*, U.S. Pat. & Trademark Office, https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html (showing at least thirty-eight patents assigned to "VoiceBox" on or before September 30, 2014).)[5]

Critically, like in *Virentem* and *DataQuill*, VB Assets does not allege that it informed Apple or that Apple otherwise learned that the accused products ***infringed*** any claims of ***any of the Earlier-Issued Asserted Patents***.  For example, VB Assets does not allege that it provided Apple with pre-suit notice of any: (1) specific patents that Apple allegedly infringed; (2) specific claims that Apple allegedly infringed; (3) specific Apple products that allegedly infringed; or (4) explanation as to how any Apple products allegedly infringed any patent claims.  Nor does VB Assets allege any facts showing that Apple obtained knowledge of infringement by any other means.  Thus, as in *Virentem* and *DataQuill*, VB Assets' allegations are insufficient to plausibly plead pre-suit knowledge of infringement of any of the Earlier-Issued Asserted Patents.

The new allegations in the FAC do not remedy that deficiency.  Those allegations provide no plausible facts beyond the deficient allegations regarding the potential business deal.  Instead, the FAC improperly attempts to stretch Apple's alleged knowledge of the existence of the Earlier-Issued Asserted Patents into knowledge of infringement of those patents by alleging—without support—that "[o]n ***information and belief***" during those alleged business communications, Apple was supposedly "investigating and analyzing" "for purchase" the '681, '765, and '176

---

[5] Ex. A is attached to and is the subject of Apple's Request for Judicial Notice filed contemporaneously with this motion.

Patents, "conducted due diligence," and "determined that the Siri Products and its users infringe." (D.I. 19 ¶¶ 51, 72, 135.)

Those conclusory and speculative allegations are insufficient to establish knowledge of infringement. *See McDermott*, 649 F. App'x at 267–68 (stating that allegations based on "information and belief" require "factual allegations that make [plaintiff's] theoretically viable claim plausible" and cannot rely only on "boilerplate and conclusory allegations"); *see also Sierra Estate of Romagosa v. Trafigura Trading LLC*, 2024 WL 4104130, at *9 (D. Del. Sept. 6, 2024) (holding that an allegation based "[u]pon information and belief" failed to state a claim because it was "simply a bald assertion that is unduly vague and speculative," and the plaintiffs did not allege "any actual underlying facts that would help render it plausible that this assertion is correct") (emphasis removed).  VB Assets does not plead any actual underlying facts that could make its allegations—that "Apple conducted due diligence of the VoiceBox Patents and the Siri Products and its users' user thereof and determined that the Siri Products and its users infringe" (*see, e.g.*, D.I. 19 ¶ 51)—plausible.  Critically, VB Assets' FAC contains no facts that plausibly indicate a link between any purported due diligence and Apple's purported knowledge of infringement.

At most, the FAC alleges that through the supposed due diligence, Apple "became very familiar with VoiceBox Technologies and its business and the VoiceBox Patents," and that "the Siri technology was Apple's only voice recognition and assistant technology." (*See, e.g.*, *id.*)  But as discussed above, the Earlier-Issued Asserted Patents were just three patents among a "collection" in VoiceBox's portfolio of thirty-eight issued U.S. patents that were purportedly the subject of the business communications (*see* Ex. A), and VB Assets does not even allege that the three Earlier-Issued Asserted Patents were ever specifically identified or discussed (*see, e.g.*, D.I. 19 ¶ 51).  In fact, the FAC alleges the opposite—that Apple and VoiceBox did ***not*** discuss the

10

supposed infringement of the Earlier-Issued Asserted Patents.  (*See, e.g.*, D.I. 19 ¶ 51 ("Apple took deliberate action to ***avoid . . . discussing [that the Siri Products infringe]*** during the negotiations for the VoiceBox Patents."); *id.* ¶ 73 (same); *id.* ¶ 135 (same).)  Thus, the FAC fails to plead "any actual underlying facts that would help render it plausible that this assertion [(that Apple knew that the Siri Products infringe)] is correct," and that bald assertion should be rejected.  *Sierra Estate of Romagosa*, 2024 WL 4104130, at *9 (emphasis removed).

Accordingly, the FAC's factual allegations are insufficient to plausibly plead pre-suit knowledge of infringement of any of the Earlier-Issued Asserted Patents.

***Second***, VB Assets' conclusory allegations of willful blindness are insufficient because they fail to include any specific factual support demonstrating that Apple took deliberate steps to avoid learning of infringement.  *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) ("A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*.").  Indeed, in *MasterObjects, Inc. v. Amazon.com, Inc.*, the court dismissed a willful blindness claim where "[t]he only applicable allegation [was] a conclusory sentence generally alleging willful blindness as to all the patents-in-suit."  2021 WL 4685306, at *6 (N.D. Cal. Oct. 7, 2021).  That court held that even if the complaint alleged that Amazon subjectively believed it was infringing, "there [were] no specific allegations that Amazon took deliberate actions to avoid learning of infringement nor that it can be reasonably inferred Amazon should have known of infringement."  *Id.*  Similarly here, VB Assets alleges willful blindness because "Apple took deliberate action to avoid learning of these facts and discussing them during the negotiations for the VoiceBox Patents," but, instead of pleading specific factual allegations of any

11

such "deliberate action" to avoid learning of its infringement, VB Assets only alleges that "Apple continued to negotiate for the VoiceBox Patents spanning a period of years." (D.I. 19 ¶¶ 51, 73, 135.) VB Assets' conclusory allegations of willful blindness are therefore insufficient to survive a motion to dismiss.

VB Assets' pre-suit willfulness and indirect infringement claims for the Earlier-Issued Asserted Patents should thus be dismissed.

**B.    VB Assets' Pre- And Post-Suit Contributory Infringement Allegations Should Be Dismissed Because It Fails To Plead That Apple Sells A Component That Has No Substantial Noninfringing Uses.**

To plead contributory infringement under 35 U.S.C. § 271(c), a plaintiff must show that the defendant "offers to sell or sells . . . a ***component*** of a patented machine" that is not "a staple article or commodity of commerce suitable for substantial noninfringing use." In addition to failing to plead knowledge of infringement for its pre-suit contributory infringement claims, VB Assets' pre- and post-suit contributory infringement claims fail to plausibly allege that: (i) Apple sells a component of a patented product (rather, VB Assets alleges only that Apple sells the allegedly patented product as a whole); or (ii) that component of the patented product has no substantial non-infringing uses. VB Assets' contributory infringement claims (both pre- and post-suit) should thus be dismissed for those two additional reasons.

***First***, VB Assets' contributory infringement claims fail because VB Assets fails to plausibly allege that Apple ***sells a component*** of a patented product. To plead contributory infringement, a plaintiff must show that the defendant "***offers to sell or sells*** . . . a ***component*** of a patented machine." 35 U.S.C. § 271(c); *see also Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report and recommendation adopted*, 2021 WL 5860783 (D. Del. Aug. 12, 2021) (dismissing contributory infringement claim because the complaint accused the patented machine, rather than a ***component*** of the machine, of infringing).

In *Tonal Systems*, for example, the court found that the device "itself cannot be a 'component' of a patented machine, because ICON [is alleging] that the Tonal Device *is* the patented machine, and thus directly infringes the asserted patents." *Id.* (emphasis in original).  The court thus held that ICON had failed to plead that Tonal sold a "component" of a patented machine. *Id.*; *see also HSM Portfolio LLC v. Fujitsu Ltd.*, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) (dismissing contributory infringement claims where "the accused semiconductor chips [we]re not components especially designed for an infringing product because they [we]re accused of direct infringement in and of themselves").

Similarly here, the accused Siri Products, which include for example Apple's smartphones, tablets, watches, and televisions (D.I. 19 ¶ 2 n.1), are each alleged to be the entire patented machine—not a ***component*** of an infringing patented machine that is made, used, or sold by others. (*See, e.g.*, *id.* ¶¶ 62 (alleging that Apple "is continuing to contributorily infringe the [Asserted Patents] by selling or offering to sell Siri Products"); 63 (alleging that "the Siri Products . . . are a component of the patented method claims")).  Because VB Assets improperly directs its contributory infringement allegations to the Siri Products that are accused of directly infringing— the alleged patented machines themselves—rather than a ***component*** of a patented machine that is made, used, or sold by others—VB Assets' contributory infringement claims should be dismissed. *See Tonal Sys.*, 2021 WL 1785072, at *5; *see also Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021) (finding that the plaintiff's contributory infringement claims were "deficiently pleaded" where the complaint merely alleged that "the Accused LED [Products] themselves allegedly satisfy the limitations of the asserted claims before their incorporation into any combination[—i.e.] not contributory infringement").

13

VB Assets' new allegations in its FAC fail to remedy this deficiency. The FAC includes vague allegations regarding "Siri for third-party devices," but it does not allege that any **component** sold, offered for sale, or imported by Apple is used in a purportedly infringing third-party product. For example, VB Assets' FAC vaguely alleges that Apple "offers SiriKit to its app developer community" and that "Siri is also a component of various third-party products created by Apple's app developer community using SiriKit," but it fails to plead that Apple actually "offers to sell," "sells," or "imports" "Siri" or the "SiriKit." (*See, e.g.*, D.I. 19 ¶¶ 62–63.) Additionally, VB Assets alleges that "Apple writes software for and designs Siri Products, including Siri for third-party devices such as the ecobee SmartThermostat with Voice Control," but again VB Assets does not allege that Apple sells, offers to sell, or imports "Siri" as a component to any third party, including for use in the ecobee SmartThermostat. (*See, e.g.*, *id.* ¶ 62.) Thus, the FAC fails to include any allegation that Apple sells, offers to sell, or imports a component of a third-party machine, as required for contributory infringement. *See* 35 U.S.C. § 271(c).

**Second**, VB Assets fails to plausibly allege the existence of a component with no substantial non-infringing uses. "To survive a motion to dismiss, a plaintiff alleging contributory infringement must . . . 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018). VB Assets, however, merely parrots the elements of a contributory infringement claim, stating, without any relevant factual support, that the Siri Products—which include multifunctional smartphones, tablets, watches, and televisions—are "especially made or especially adapted for practicing the invention of the [Asserted Patents]" and "are not a staple article or commodity of commerce suitable for substantial non-infringing use." (*See, e.g.*, D.I. 19 ¶¶ 62, 64–65.)

14

For each Asserted Patent, VB Assets merely alleges that "Apple knew (or was willfully blind) that the Siri Products are especially made or especially adapted to infringe the claims of the [Asserted Patent]" based only on the parties' alleged prior business negotiations and the alleged instructions and technical support Apple offers to third parties. (*See, e.g.*, *id.* ¶ 64.) VB Assets fails to explain in any detail, however, how those allegations demonstrate that the Siri Products—defined broadly to include a wide range of devices—are "especially made or especially adapted for practicing the invention of the [Asserted Patents]." (*See, e.g.*, *id.*) For example, "Siri Products" include cellphones, but the FAC is completely silent regarding how a cellphone is especially made to practice the claims of the Asserted Patents. Similarly, VB Assets recites claim language from the Asserted Patents and alleges that "[l]ikewise, Siri '[e]mpower[s] users to interact with their devices through voice, intelligent suggestions, and personalized workflows,'" but it is silent as to how those allegations demonstrate that the Siri Products are "not a staple article or commodity of commerce suitable for substantial non-infringing use." (*See, e.g.*, *id.* ¶ 65.) Indeed, it cannot be disputed that the Siri Products have substantial non-infringing uses. For example, Apple's smartphones, tablets, watches, and televisions all have substantial non-infringing capabilities that do not require the use of Siri, such as making phone calls, sending text messages, surfing the Internet, and browsing social media. VB Assets' conclusory allegations—that amount to nothing more than that Apple "sell[s] something that infringes and has no noninfringing uses"—do not satisfy this Court's pleading standard for contributory infringement claims. *See AgroFresh*, 2019 WL 350620, at *5; *see also Sisvel*, C.A. No. 19-1145-MN, D.I. 19 at 38 (dismissing contributory infringement claims because alleging that "the material component in question is not a staple article of commerce" is "simply a formulaic recitation that does not meet the pleading standard").

VB Assets' contributory infringement claims should therefore be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss VB Assets' claims of pre-suit willfulness of the Earlier-Issued Asserted Patents, pre-suit induced and contributory infringement of the Earlier-Issued Asserted Patents, and post-suit contributory infringement of all Asserted Patents.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John Desmarais
Cosmin Maier
Kerri-Ann Limbeek
Molly Brown
Michael K. Hilyard
Peter Kotecki
Michael Wueste
DESMARAIS LLP
230 Park Avenue
New York, NY
Tel: (212) 351-3400
jdesmarais@desmaraisllp.com
cmaier@desmaraisllp.com
klimbeek@desmaraisllp.com
mbrown@desmaraisllp.com
mhilyard@desmaraisllp.com
pkotecki@desmaraisllp.com
mwueste@desmaraisllp.com

Kyle Curry
Marie Weisfeiler
DESMARAIS LLP
101 California Street
Suite 3070
San Francisco, CA 94111
Tel: (415) 573-1900
kcurry@desmaraisllp.com
mweisfeiler@desmaraisllp.com

By: */s/ David E. Moore*
   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Andrew M. Moshos (#6685)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel:  (302) 984-6000
   dmoore@potteranderson.com
   bpalapura@potteranderson.com
   amoshos@potteranderson.com

*Attorneys for Defendant Apple Inc.*

Dated: April 7, 2025
12161959 / 12209.00060